United States District Court
Eastern District of Michigan

Nariman Zulfikarovich Mazmanov,

Petitioner,

v.

Robert Lynch, District Director, U.S. Immigration and Customs Enforcement, Detroit Field Office,

Respondent.

Civil No. 25-10401

Honorable Judith E. Levy
Magistrate Judge Anthony P. Patti

---

# Response to Petitioner's Motion for Leave to Conduct Discovery

---

Pursuant to Local Rule 7.1, respondents submit this response to petitioner's motion for leave to conduct discovery in this habeas suit, (ECF No. 38). As described in the attached brief, the Court should deny petitioner's motion for discovery because the information he seeks is not relevant to the essential elements of his habeas claim and he has not supported his request with sufficiently specific factual allegations. In addition, even if discovery were available in this habeas suit, the Court should deny petitioner's request because the effort necessary to review and produce the information he seeks—sensitive communications between the United States and foreign governments—greatly outweighs its value to this case.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*<u>/s/ Zak Toomey</u>*
Zak Toomey (MO61618)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Dated: July 16, 2026

United States District Court
Eastern District of Michigan

Nariman Zulfikarovich Mazmanov,

Petitioner,

Civil No. 25-10401

v.

Honorable Judith E. Levy
Magistrate Judge Anthony P. Patti

Robert Lynch, District Director, U.S. Immigration and Customs Enforcement, Detroit Field Office,

Respondent.

---

# Respondent's Brief in Support of Their Response to Petitioner's Motion for Leave to Serve Document Request

---

## Issues Presented

I. Should the Court deny petitioner's motion for discovery when discovery in habeas cases is only appropriate when petitioner alleges specific facts indicating that the discovery will establish an essential element of his habeas claim, but petitioner has not done so here?

II. Even if the Court finds that discovery is available in this habeas case, should the Court deny petitioner's discovery request because it is not proportional to the needs of the case and is unlikely to provide useful information?

# Table of Contents


Introduction ....................................................................................................1
Background ....................................................................................................1
Standard of Review ........................................................................................4
Argument........................................................................................................4
I. Petitioner is Not Entitled to Discovery .................................................................... 4
II. Petitioner's Proposed Discovery Requests are Not Proper Under the Local Rules or the Federal Rules ......................................................................................................... 9
Conclusion ....................................................................................................13
Certificate of Service ....................................................................................15

# Table of Authorities

## Cases

*Beuke v. Houk*, 537 F.3d 618 (6th Cir. 2008) .......... 4

*Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177 (11th Cir. 2014) .......... 7

*Bracy v. Gramley*, 520 U.S. 899 (1997) .......... passim

*Broadgate, Inc. v. Su*, 124 F.4th 985 (6th Cir. 2024) .......... 6

*Carrera v. Carrera*, 174 F.2d 496 (D.C. Cir. 1949) .......... 8

*Cornwell v. Bradshaw*, 559 F.3d 398 (6th Cir. 2009) .......... 7, 9

*Gen. Dynamics Corp. v. United States*, 563 U.S. 478 (2011) .......... 12

*Johnson v. Mitchell*, 585 F.3d 923 (6th Cir. 2009) .......... 7, 9

*Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534 (6th Cir. 2001) .......... 12

*Schlanger v. Seamans*, 401 U.S. 487 (1971) .......... 4

*Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001) .......... 7, 9

*Tuite v. Henry*, 98 F.3d 1411 (D.C. Cir. 1996) .......... 13

*United States v. Barry*, 67 F.2d 763 (6th Cir. 1933) .......... 6, 10

*Williams v. Bagley*, 380 F.3d 932 (6th Cir. 2004) .......... 6, 7, 9

*Zadvydas v. Davis*, 533 U.S. 678 (2001) .......... 7

## Statutes

22 U.S.C. § 254b .......... 8

28 U.S.C. § 2241 .......... 4, 5

28 U.S.C. § 2243 .......... 5

28 U.S.C. § 2254 .......... 5, 6, 9

8 U.S.C. § 1227(a)(2) .......... 1, 2

8 U.S.C. § 1231 .......... 1

8 U.S.C. § 1231(a)(1) .......... 2

8 U.S.C. § 1231(a)(1)(C) .......... 2

8 U.S.C. § 1231(a)(2) ........ 2
8 U.S.C. § 1253(a)(1)(B) ........ 2

**Rules**

Fed. R. Civ. P. 26(b)(1) ........ 9, 10, 13
Fed. R. Civ. P. 26(c)(1) ........ 10
Fed. R. Civ. P. 30(b)(6) ........ 9, 12
Fed. R. Civ. P. 34(b)(2)(C) ........ 10
Fed. R. Civ. P. 37(a) ........ 9, 10
Fed. R. Civ. P. 45 ........ 8
Fed. R. Civ. P. 6 ........ 6
Fed. R. Civ. P. 6(a) ........ 5
Fed. R. Civ. P. 6(b) ........ 9
Fed. R. Evid. 803(8) ........ 10
Loc. R. 37.1 ........ 9, 10

**Regulations**

8 C.F.R. § 241.4(g)(1)(ii) ........ 2

## Introduction

Petitioner is a noncitizen who has been ordered removed from the United States. Petitioner has intentionally thwarted the agency's attempts to remove him yet argues in this suit that the agency is taking too long to remove him. Now, petitioner moves for excessive and irrelevant discovery from ICE to investigate his own efforts to prevent his removal. The Court should deny petitioner's motion because discovery is only available in habeas cases in extraordinary circumstances not present here and, even if discovery were appropriate in this habeas suit, petitioner's request is not proportional to the needs of this case.

## Background

Petitioner is a citizen of Russia. (Moore Decl., ECF No. 6-2, PageID.33). He entered the United States in 2008 and became a lawful permanent resident in 2009. (*Id.*). In 2023, Mazmanov was convicted of a felony and, as a result, ICE initiated removal proceedings against him under 8 U.S.C. § 1227(a)(2) based on Mazmanov's felony conviction. (*Id.* at PageID.33–34). In 2024, the immigration court ordered Mazmanov removed to Russia or Uzbekistan and Mazmanov waived appeal, which rendered the immigration court's order of removal administratively final. (*Id.* at PageID.34–35).

Under 8 U.S.C. § 1231, a noncitizen must be detained for 90 days after an immigration judge issues a final order of removal and a noncitizen ordered removed

under 8 U.S.C. § 1227(a)(2) may be released "[u]nder no circumstances" during that period. 8 U.S.C. §§ 1231(a)(1), (2). The removal period is extended if the noncitizen "fails or refuses to make timely application in good faith for travel" documents until the application is properly completed. 8 C.F.R. § 241.4(g)(1)(ii); *see* 8 U.S.C. §§ 1231(a)(1)(C), 1253(a)(1)(B).

Beginning in 2024, ICE began attempting to remove Mazmanov to Russia. ICE's first attempt failed because Mazmanov did not complete the form to request a travel document correctly. (Moore Decl., ECF No. 6-2, PageID.35). ICE's second attempt resulted in an interview between Mazmanov and an official at the Russian Embassy in May 2026. (*Id.* at PageID.35–36; Szukhent Decl., ECF No. 26-1, PageID.160–161; Courtney Decl., ECF No. 32-1, PageID.189–190). Russia did not explain why it refused to issue a travel document for Mazmanov after that interview. (Courtney Decl., ECF No. 32-1, PageID.189–190).

ICE scheduled another interview between Mazmanov and an official at the Russian Embassy for June 2026. (Not. of FTC, ECF No. 37-1, PageID.246–247). However, at that interview, Mazmanov refused to sign the papers necessary for Russia to issue him a travel document. (*Id.*). And, consequently, Russia could not issue him a travel document and ICE could not remove him. (*Id.*). ICE has warned Mazmanov that his refusal to facilitate his removal necessarily extends his detention and may result in criminal charges. (*Id.*).

According to Mazmanov's counsel at a recent hearing, "there are minimal factual disputes in this case" and, as currently postured, it "can be addressed through a dispositive motion." (Tr., ECF No. 38-3, PageID.278). Nevertheless, on July 1, 2026, Mazmanov filed a motion seeking significant written discovery and six depositions of government officials. (Mot., ECF No. 38).

In his motion, Mazmanov's attorneys argue that discovery is necessary because there is a factual dispute about whether he, in fact, refused to sign a travel document at his recent interview at the Russian Embassy. (Mot., ECF No. 38, PageID.251). Notably, Mazmanov offers absolutely no evidence of any kind disputing the fact that he refused to sign a travel document at his recent interview. (*See id.*). For instance, Mazmanov could have signed a declaration under penalty of perjury stating that he volunteered to sign the documents, which would be evidence of a factual dispute, but he did not do so. (*Id.*). Accordingly, there is currently no factual dispute about Mazmanov's recent failure to cooperate. (*See* Not. of FTC, ECF No. 37-1, PageID.246–247).[1]

[1] Under Rule 6, "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(d). And Mazmanov and his attorneys had as much time as they wanted before filing their motion and they did not request additional time to file supporting documents under the Local Rules. (*See* Not. of FTC, ECF No. 37-1, PageID.246; Mot., ECF No. 38); Loc. R. 7.1(g). Therefore, if Mazmanov attempts to support his motion with a declaration attached to his reply, the Court should not consider it. *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986) ("It is impermissible to mention an issue for the first time in a reply brief, because the [opponent] then has no opportunity to respond.").

Despite the limited scope of the factual dispute ostensibly supporting Mazmanov's motion for discovery, he seeks discovery relating to every aspect of ICE's attempts to remove him, including depositions of multiple ICE officials, the deposition of a consular officer from Russia, and written discovery on multiple topics that have nothing to do with Mazmanov's recent refusal to sign a travel document at the Russian Embassy. (*See* Mot., ECF No. 38, PageID.254–258).

## Standard of Review

A district court's decision to allow or deny discovery in a habeas case is reviewed for an abuse of discretion. *Beuke v. Houk*, 537 F.3d 618, 654 (6th Cir. 2008).

## Argument

As described below, the Court should deny petitioner's motion for discovery because the information he seeks is not relevant to the essential elements of his habeas claim and he has not supported his request with sufficiently specific factual allegations. In addition, even if petitioner had properly supported his motion for discovery, the Court should deny petitioner's request because the effort that will be necessary to review and produce the information he seeks greatly outweighs its value to this case.

### I. Petitioner is Not Entitled to Discovery

Suits seeking habeas relief under 28 U.S.C. § 2241 are not "civil actions" and,

therefore, are not generally governed by the Federal Rules of Civil Procedure. *See Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971) ("Though habeas corpus is technically 'civil,' it is not automatically subject to all the rules governing ordinary civil actions."); 28 U.S.C. § 2243 (setting a response deadline that is different than the deadline provided in the Federal Rules). Because the Federal Rules are not generally applicable in habeas proceedings under § 2241, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

While nothing automatically entitles a petitioner to discovery in a habeas proceeding under § 2241, discovery may be available in limited circumstances. In habeas cases filed under a related habeas statute, 28 U.S.C. § 2254, courts may permit discovery when appropriate. *See* Rule 6(a), Rules Governing Section 2254 Cases in the U.S. District Courts (28 U.S.C. § 2254). In § 2254 habeas cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See id.* A district court has discretion to apply the § 2254 Rules to habeas cases under § 2241. Section 2254 Rule 1(b).

Before determining whether to extend the § 2254 Rules' discovery provision to this case, the Court "must first identify the 'essential elements' of th[e habeas] claim." *Bracy*, 520 U.S. at 904. Once the Court identifies the essential elements of

petitioner's claim, it may analyze whether there is good cause to permit limited discovery in a habeas case. *See* Section 2254 Rule 6(a); *Bracy*, 520 U.S. at 904. But the Court must ensure that the proposed discovery is narrowly tailored to the essential elements of the habeas claim. *See id.* For this reason, the § 2254 Rule requires that any request for discovery in a habeas case include petitioner's proposed discovery requests "to advise the judge of the necessity for discovery and enable him [or her] to make certain that the inquiry is relevant and appropriately narrow." Section 2254 Rule 6, adv. comm. n., 1976 adoption, Subdivision (b).

These requirements are necessary because "[o]rdinarily, [courts] presume that public officials have properly discharged their official duties." *Bracy*, 520 U.S. at 909 (quotations omitted). This presumption is known as the "presumption of regularity." *See Broadgate, Inc. v. Su*, 124 F.4th 985, 989 (6th Cir. 2024); *United States v. Barry*, 67 F.2d 763, 764 (6th Cir. 1933). And it can only be overcome by "clear evidence to the contrary." *Barry*, 47 F.2d at 764.

Courts have found good cause only when petitioner makes "specific allegations" that, if true, would demonstrate the petitioner's entitlement to habeas relief. *See Bracy*, 520 U.S. at 909; *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) ("a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'")

(quoting *Bracy*). Courts may not permit discovery in habeas cases to "sanction fishing expeditions" and the Sixth Circuit has cautioned that "[c]onclusory allegations are not enough to warrant discovery" in habeas cases. *See Williams*, 380 F.3d at 974.

Given this, courts have rarely found good cause to grant discovery in habeas cases and have only done so in unusual cases, such as when a petitioner specifically and credibly alleged that the Court or a prosecutor was corrupt and the officials' corruption led to his conviction. *See*, *e.g., Bracy*, 520 U.S. at 909; *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1184 (11th Cir. 2014). Meanwhile, courts have routinely denied requests for discovery in habeas cases when the requested discovery would only potentially reveal information that would entitle the petitioner to habeas relief. *See, e.g.*, *Johnson v. Mitchell*, 585 F.3d 923, 935 (6th Cir. 2009); *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009); *Williams*, 380 F.3d at 974–77; *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Here, there is not good cause to permit discovery in this habeas suit. First, petitioner's discovery request would not resolve the essential element of petitioner's claim. Petitioner's habeas claim ultimately rests on one factual determination: has petitioner demonstrated that his removal is not likely in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); (Resp., ECF No. 6, PageID.24–28). Mazmanov cannot meet this burden because his own conduct is the

only current barrier to his removal. (*See* Not. of FTC, ECF No. 37-1, PageID.246–47). And Mazmanov himself would possess all the evidence necessary to refute this fact if it were not true. (*See id.*). Therefore, petitioner offers no reason to believe that any discovery would resolve the essential element of this habeas suit.

Second, petitioner has not demonstrated good cause for his discovery request because his proposed discovery is not specific to the relevant dispute. Petitioner alleges that discovery is necessary to determine whether he, in fact, refused to sign a travel document at his recent interview at the Russian Embassy. (Mot., ECF No. 38, PageID.251). The only aspect of his proposed discovery that actually relates to this issue is the deposition of the Russian consular official. (*See id.* at 254). However, the relevant Russian consular official is not a party to this case or within ICE's control. (*See* Am. Pet., ECF No. 25). So, if petitioner seeks information from a Russian diplomatic official, he must request it from Russia, not from ICE. *See* Fed. R. Civ. P. 45; 22 U.S.C. § 254b; *Carrera v. Carrera*, 174 F.2d 496, 498 (D.C. Cir. 1949). All of petitioner's other proposed discovery relates to ICE's previous attempts to remove Mazmanov, which are no longer relevant, or ICE's general history of removing Russian citizens, which was never relevant, given Mazmanov's criminal history, which necessarily complicates his removal. (*See* Mot., ECF No. 38, PageID.254–258; ECF No. 38, PageID.251; Moore Decl., ECF No. 6-2, PageID.32–33). For instance, petitioner seeks depositions of ICE officials who did not attend his

recent interview at the Russian Embassy and documents and statistics about the number of totally unrelated individuals ICE has removed to Russia in the past two years. (*Id.*). This does not come close to the showing required under controlling law because none of this information changes the fact that Mazmanov would have been removed last month if he had cooperated with ICE's efforts to remove him. *See Bracy*, 520 U.S. at 909; *Johnson*, 585 F.3d at 935; *Cornwell*, 559 F.3d at 410; *Williams*, 380 F.3d at 974–77; *Stanford*, 266 F.3d at 460. Instead, petitioner's request is plainly nothing more than a "fishing expedition" that cannot meet the necessary showing to obtain discovery in a habeas case. *See Williams*, 380 F.3d at 974.

## II. Petitioner's Proposed Discovery Requests are Not Proper Under the Local Rules or the Federal Rules

If the Court grants discovery, it will be governed by the Federal Rules of Civil Procedure and the Local Rules. *See* Section 2254 Rule 6(b); Fed. R. Civ. P. 26(b)(1). As an initial matter, under the Rules, a party must meet and confer to attempt to obtain the requested discovery in good faith before filing a motion to compel discovery. Fed. R. Civ. P. 37(a); Loc. R. 37.1. However, petitioner did not satisfy this requirement with respect to some of the discovery requests he lists in his motion.

In April and May, petitioner's counsel requested the depositions of two ICE officials—Officers Szhukent and Harrison—and indicated they may request a 30(b)(6) deposition if Harrison was unavailable. (*See* Exhibit 1 – April Email; Exhibit 2 – May Email). In petitioner's recent motion, however, he seeks the

deposition of additional ICE officers that he never attempted to discuss with respondents before filing this motion. (*See* Mot., ECF No. 38, PageID.254). Accordingly, the Court should summarily reject petitioner's request to depose ICE officers Courtney, Moore, and Putra because petitioner failed to properly meet and confer about those depositions before filing his motion to compel. *See* Fed. R. Civ. P. 37(a); Loc. R. 37.1.

In addition, even if the Court finds that discovery is authorized in this case, the Court should find that petitioner's requests are beyond the scope of permissible discovery under Rule 26(b)(1) because they are not proportional to the needs of the case. Under the Federal Rules, discovery must be proportional to its value to the case. *See* Fed. R. Civ. P. 26(b)(1). And a party may not seek privileged information or information that would impose an undue burden on the producing party. *See* Fed. R. Civ. P. 26(c)(1), 34(b)(2)(C).

Petitioner's deposition requests are not appropriate. Petitioner seeks to depose several ICE officials who authored declarations in this case. (Mot., ECF No. 38, PageID.254). The ICE officers' declarations are based on reviews of ICE records, which are presumptively reliable, not the officers' individual actions. (*See, e.g.*, Moore Decl., ECF No. 6-2, PageID.32–36); Fed. R. Evid. 803(8), 902; *Bracy*, 520 U.S. at 909; *Barry*, 47 F.2d at 764. And petitioner offers no reason to believe that the depositions of these officers could potentially reveal any information that is not

already contained in their declarations. (*See* Mot., ECF No. 38). Therefore, these depositions are redundant and would impose an undue burden on the officers and the agency. *See* Fed. R. Civ. P. 26(c)(1).

Similarly, most of petitioner's document requests and interrogatories seek information that is already available in the record. For instance, petitioner requests "documentation of past removal efforts" and an explanation of "any noncompliance by Petitioner." (Mot., ECF No. 38, PageID.257). However, that information has already been provided in the form of declarations sworn under penalty of perjury and other official government records. (*See* Moore Decl., ECF No. 6-2, PageID.32–36; Courtney Decl., ECF No. 32-1, PageID.188–191; Not. of FTC, ECF No. 37-1, PageID.246–247). So, duplicative production of this information would provide no value to this case and unnecessarily burden respondent.

Meanwhile, there is no reason to believe that petitioner's requests about ICE's removal of other noncitizens to Russia is relevant. Petitioner has been convicted of aggravated possession of illegal narcotics. (Moore Decl., ECF No. 6-2, PageID.33). Russia is notoriously a "zero tolerance" jurisdiction with respect to drug crimes. *See, e.g.*, NBC News, https://www.nbcnews.com/news/world/wnba-star-brittney-griner-faces-strict-russian-drug-laws-pretrial-dete-rcna28755 (last visited 7/14/2026). Therefore, ICE's task in convincing Russia to accept petitioner is necessarily balanced on petitioner's individual characteristics and criminal history, not on ICE's

ability to convince Russia to accept the return of other Russian citizens who have not been convicted of any crimes or those who have been convicted of different crimes. (*See* Moore Decl., ECF No. 6-2, PageID.32–36; Courtney Decl., ECF No. 32-1, PageID.188–191). Therefore, petitioner's requests about ICE's removal of other Russian citizens, in general, are not relevant to ICE's ability to remove petitioner or the likelihood of petitioner's removal in the foreseeable future.

Petitioner's requests are also internally redundant. For instance, petitioner seeks the same information in his request for a 30(b)(6) deposition as he seeks in his written discovery. (*See* Mot., ECF No. 38, PageID.254–258; Exhibit 2 – May Email). Therefore, even if petitioner's request did not seek information that is already available on the docket or otherwise irrelevant information, his request is unreasonably burdensome because it seeks the same information in multiple forms of discovery. (*See id.*).

Finally, some or all of the relevant communications petitioner seeks will be classified information or it will be protected by governmental privileges. For instance, some of the documents petitioner seeks are communications between ICE and foreign governments. (*See* Mot., ECF No. 38, PageID.254–258). Communications between the United States and foreign governments are sensitive and often protected by several privileges, such as the state secrets, law enforcement, and deliberative process privileges. *See Gen. Dynamics Corp. v. United States*, 563

U.S. 478, 484 (2011) (noting that the state secrets privilege exists to serve the "sometimes-compelling necessity of governmental secrecy" over "military, intelligence, and diplomatic" information); *see also Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 550 (6th Cir. 2001) (describing deliberative process privilege); *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996) (law enforcement). Therefore, at a minimum, even if the documents responsive to petitioner's request were not voluminous, they would require several layers of internal review for privilege before any could be produced and, if the government asserts any privileges, that may trigger unnecessary collateral litigation about petitioner's discovery requests. Accordingly, even if petitioner's request were related to an essential element of his claim and he had supported it with sufficiently specific factual allegations (and he has not), the Court should deny his request because the burden of producing this information greatly outweighs any potential value it may have in this case. *See* Fed. R. Civ. P. 26(b)(1).

## Conclusion

Respondents respectfully request that the Court deny petitioner's motion for leave to conduct discovery in this habeas suit.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

*/s/ Zak Toomey*

Zak Toomey (MO61618)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9617
zak.toomey@usdoj.gov

Date: July 16, 2026

## Certificate of Service

I hereby certify that on July 16, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

*/s/ Zak Toomey*
**Zak Toomey**
Assistant U.S. Attorney